UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKEY F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:19-cv-05292

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the ALJ's decision is reversed and remanded for further administrative proceedings.

## I. ISSUES FOR REVIEW

1. Did the ALJ err at step two of the sequential evaluation?
2. Did the ALJ properly evaluate Plaintiff's testimony?
3. Did the ALJ err at step five?
4. Did Plaintiff receive effective assistance of counsel at the administrative hearing?

## II. BACKGROUND

On August 20, 2009, Plaintiff first filed applications for disability insurance benefits and supplemental security income benefits, alleging a disability onset date of January 31, 2009. AR 76. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *Id.* A hearing was held before Administrative Law Judge ("ALJ") Thomas Robinson on March 24, 2011. *Id.* On April 27, 2011, ALJ Robinson issued a partially favorable decision, finding that Plaintiff was disabled between January 31, 2009 and May 20, 2010. AR 76-90.

On October 30, 2012, Plaintiff filed new filed applications DIB and SSI, this time alleging a disability onset date of September 30, 2012. AR 99. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *Id.* A hearing was held before ALJ Gary Elliott on April 23, 2014. *Id.* On June 18, 2014, ALJ Elliot issued a decision finding that Plaintiff was not disabled. AR 96-107.

Plaintiff filed new applications for DIB and SSI on November 25, 2015, alleging a disability onset date of September 1, 2015. AR 16, 253-61, 265-66, 267-72. Plaintiff's applications were denied upon initial administrative review and on reconsideration. AR 16, 175-83, 186-91, 192-98. A hearing was held before ALJ S. Andrew Grace on September 21, 2017. AR 39-75. On April 10, 2018, ALJ Grace issued a written decision finding that Plaintiff was not disabled. AR 13-29. ALJ Grace also found that the prior two ALJ decisions were administratively final. AR 16. The Social Security Appeals Council denied Plaintiff's request for review on February 19, 2019. AR 1-6.

On April 24, 2019, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 5.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of degenerative disc disease, osteoarthritis of the hip, obesity, diabetes mellitus, mild osteoarthritis of the knee, chronic pain syndrome, and peripheral neuropathy. AR 20.

The ALJ also found that Plaintiff had the non-severe impairments of major depressive disorder, cataracts, glaucoma, myopia, astigmatism, presbyopia, a spider bite to the forearm, a skin rash, proteinuria, hypercholesterolemia, gastroenteritis, and asthma. AR 20-21.

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 22. Relying on vocational expert ("VE") testimony, the ALJ found that while Plaintiff could not perform his past work, he could perform other light unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled. AR 27-28, 67-72.

A. <u>Whether the ALJ erred at step two of the sequential evaluation</u>

Plaintiff contends that his condition has worsened since the ALJ issued his decision, and that he has been diagnosed with "severe" depression and diabetes with complications. Dkt. 20, p. 1.

At step two of the sequential evaluation process, the ALJ determines whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a); *see also* Social Security Ruling ("SSR") 96-3p.

At step two, the ALJ found Plaintiff's diabetes to be a severe impairment, but found that Plaintiff's depression caused no more than mild functional limitations in the paragraph B domains, and was therefore non-severe during the period at issue. AR 20-21; *see* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (noting that when the Social Security Administration rates the degrees of limitation as "none" or "mild," in the paragraph B domains, the agency will generally conclude that a claimant's impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities).

Here, the ALJ decided Plaintiff's case for the period between Plaintiff's alleged onset date, September 1, 2015, and the date of the ALJ's decision, April 10, 2018. AR 18, 28. Plaintiff does not contend that the ALJ erred in evaluating the severity of his depression and diabetes during this period, but instead argues that his condition worsened after the ALJ issued his decision. Dkt. 20, p. 1. If Plaintiff's condition

worsened after April 10, 2018, the proper course is for Plaintiff to file a new application and present new evidence so the agency can ascertain whether Plaintiff's conditions were disabling after the ALJ issued his decision.

B. Whether the ALJ properly evaluated Plaintiff's testimony

Plaintiff maintains that the ALJ erred by not considering the extent to which the side effects of his medication impact his ability to work. Dkt. 20, p. 1.

An ALJ must consider side effects of medication taken for pain or other symptoms when assessing a claimant's allegations. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv); 416.929(c)(3)(iv); *see also* Social Security ("SSR") 16-3p (noting that a claimant may not agree to take prescription medications because the side effects are less tolerable than the symptoms).

Plaintiff contends that his pain medication makes him drowsy and prevents him from performing any work. Dkt. 20, p. 1. Plaintiff testified that he left his job as a shuttle driver because the drowsiness caused by his medication made it difficult for him to drive, and testified that he did not take his medication on the day of his hearing so he could drive to the hearing safely. AR 23, 44-46, 296, 314. The ALJ included in Plaintiff's residual functional capacity ("RFC") a restriction involving operating motor vehicles. AR 22-23. Despite this limitation, the vocational expert ("VE") testified that there would still be a significant number of jobs Plaintiff could perform at step five. AR 27-28, 67-72.

Plaintiff also contends that he cannot sit or stand for long periods of time and requires a cane to ambulate. Dkt. 20, p. 1. Plaintiff's RFC restricts him to standing and/or walking no more than 4 hours in an 8-hour day, and permits him to use a handheld assistive device at all times when standing or walking. AR 22. Despite these

limitations, the VE testified that that there would still be a significant number of jobs Plaintiff could perform at step five. AR 27-28, 67-72.

The ALJ included the appropriate limitations in the RFC to address the impairments that plaintiff is arguing about; therefore, even if error occurred, it would have been harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115, 1117 (9th Cir. 2012) ("[H]armless error principles apply in the Social Security context."); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("the relevant inquiry in this context is . . . whether the ALJ's decision remains legally valid, despite such error").

C. Whether the ALJ erred at step five

Plaintiff contends that during the hearing, the VE testified that Plaintiff would be able to work two hours per day. Dkt. 20, p. 1. Plaintiff argues that he would be unable to support himself only working two hours per day at a minimum wage job. *Id.*

In posing hypotheticals to the VE during the hearing and in a series of interrogatories submitted to the VE before the hearing, the ALJ consistently asked whether Plaintiff could perform full-time work given a variety of functional limitations. AR 66-73, 356-60. Plaintiff's contention appears to refer to the fact that the ALJ asked the VE whether Plaintiff could perform certain jobs given a restriction to standing and/or walking 2 hours in an 8-hour day, not whether Plaintiff could only work for a total of 2 hours per day. AR 68-72, 356-60.

Accordingly, the ALJ did not err at step five.

D. Whether Plaintiff was denied effective assistance of counsel

Plaintiff contends that during the hearing, his attorney "just sat there" and did not ask any questions. Dkt. 20, p. 1.

The Sixth Amendment right to counsel does not apply in f Social Security disability cases. *See Voorhes v. Astrue*, 2009 WL 1955804, at *2 n. 3 (N.D. Cal. July 2, 2009) (quoting *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir.1985)) (a claimant has "no constitutional right to counsel at a disability benefits hearing"). Moreover, Plaintiff's attorney did ask Plaintiff questions regarding his limitations during the hearing, and submitted a written brief on Plaintiff's behalf. AR 64-65, 73, 349-52.

E. Additional post-hearing evidence

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 36. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not show a reasonable probability of changing the outcome. AR 3.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of one page of a November 6, 2017 opinion from Krystina Boyko, M.D. AR 36. Dr. Boyko, a treating physician, opined that Plaintiff would be unable to meet the demands of sedentary work. *Id.* Dr. Boyko stated that Plaintiff should continue with his diabetes treatment regimen, which consists of intermittent physical therapy, weight loss, and lifestyle changes. *Id.* In her opinion, Dr.

Boyko references treatment notes, which are not attached to her opinion, but are contained elsewhere in the record, and indicate that Dr. Boyko treated Plaintiff in 2016 and 2017. AR 36, 653-86, 738-64.

Dr. Boyko's opinion is incomplete, and it reports impairments that would potentially support a disability finding, as compared with the other medical opinions from the period at issue that also contain relevant evaluations. AR 36 compare with AR 154-56, 169-71, 422-23, 431, 448-49, 495-99, 554-57, 559-563, 779-80.

Yet, Dr. Boyko's opinion is the most recent opinion from a treating source and supports Plaintiff's contention that his diabetes symptoms and limitations have worsened. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("A treating physician's most recent medical reports are highly probative."). The record only contains part of Dr. Boyko's opinion, and the record is ambiguous -- the portion of her opinion not in evidence may contain information pertinent to Plaintiff's disability claim.

F. Remand with Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

Here, the record includes an opinion (a portion of a lengthier opinion), that has not been considered by the ALJ, from Plaintiff's treating physician, Dr. Boyko. Dr. Boyko opined that Plaintiff would be incapable of performing even sedentary work. AR 36. On remand, the ALJ shall take appropriate steps to develop the record by obtaining a complete copy of Dr. Boyko's opinion, and taking additional evidence as necessary to fully evaluate whether Plaintiff meets the criterial for being considered disabled.

## CONCLUSION

Based on the foregoing discussion, the Court finds the record requires further development, and requires a more complete account concerning the opinion of Plaintiff's treating physician, Dr. Boyko. Defendant's decision to deny benefits therefore is therefore REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 19th day of August, 2020.

Theresa L. Fricke
United States Magistrate Judge